Shauck, J.
It is insisted that the ruling below is justified by Bullock v. Horn, 44 Ohio St., 420. It was there decided that where a mechanic, who under the employment of a contractor, and with the knowledge of the owner, has performed labor upon the construction of a-building, and, the account not being paid, takes the necessary steps to fix the liability of the owner and obtain a lien upon the premises, the owner cannot defeat the claim of such mechanic by setting off against it a claim against the contractor such claim not growing out of the contract and being acquired by the owner after the labor was performed. In that case the owner attempted' to make the subsequently acquired set-off available against the demand of the mechanic to defeat his right to resort to an indebtedness of the owner to the contractor which existed when the mechanic performed his labor. The opinion approves the view expressed in Phillips on Mechanic’s Liens, that the purpose of laws of this character is “to take from the owner money actually owing by him upon his contract, and apply it in the payment for the labor and material which the workman and material-men have contributed toward the performance of the same contract.” *438 Here, however, the. contention of the plaintiff in error is, that upon the facts alleged in the pleadings, he was not at any time indebted to the contractor, and there was, therefore, no money which, within the purpose of the statute could be applied to the discharge of the claims of those who had performed labor upon the employment by the contractor. It does not seem to be doubted, that if the case were not affected by the statute relating to such liens, the plaintiff in error would be entitled to insist that his demand against the contractor, which was due when the contract was entered into, should compensate the demand against him founded upon the contract. Of the provisions of the statute in force, when this question arose, section 3204, is applicable. That section provides, in substance, that if the owner, by collusion or fraud, pays in advance of the payments due under the contract, thereby diminishing the fund available to the sub-lienor, he shall be liable, as if such collusive or fraudulent payment had not been made. This section appears to be exclusive in defining the. circumstances which will give to the sublienor a right to resort to an obligation which, as between the owner and contractor, had been discharged when the sub-lienor’s right accrued. The statute preserves the amount of the indebtedness of the owner to the contractor, as a fund for the satisfaction of the claims of those who take liens in accordance with its provisions; but it does not, for the purpose of creating a fund to which they may resort, enlarge the owner’s liability to the contractor as it may be fixed by the. terms of the contract and by the rules of law relating to the subject.

Judgments reversed and demiorrer overruled.